NITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:                                              Case No: 16-15914-RBR
HERNANDEZ, JOSE F.
SSN:  XXX-XX-1255                                   Chapter 13

_____Debtor /

**DEBTOR'S RESPONSE TO SECURED CREDITOR WELLS FARGO BANK, N.A.'S MOTION FOR CLARIFICATION AND COMPEL A MODIFIED PLAN [DE #93]**

COMES NOW the Debtor, **JOSE F. HERNANDEZ**, by and through the undersigned counsel and files this Response to Secured Creditor Wells Fargo Bank, N.A.'s, Motion for Clarification and Compel a Modified Plan [DE #93] and in support would show as follows:

1. The Debtor files this response to Secured Creditor, Wells Fargo Bank, N.A.'s, hereinafter referred to as "Wells Fargo," Motion for Clarification and Compel a Modified Plan, hereinafter referred to as "Motion", as the title and the substance of the motion purposely mischaracterizes and misleads the Court to imply that the Debtor has failed to take action, has failed to file a confirmable plan, has failed to pay an adequate protection payment in compliance with Creditor's Proof of Claim filed nearly 2 years prior to this Motion and to induce this Court to inequitably make the longevity of the bankruptcy plan infeasible, so that the Secured Creditor may proceed with foreclosure.

2. The Motion as submitted to this Court, attempts to accomplish the aforementioned by intentionally failing to list facts chronologically, purposefully

leaving out relevant procedural facts, failing to point out the inactions of Wells Fargo and by purposely omitting any case law or provision of the bankruptcy code upon which the Motion is predicted and seeks relief.

3. This response seeks to remedy this attempt by Wells Fargo, by presenting a complete, relevant and chronological procedural history, noting provisions of the bankruptcy code upon which this Response is predicted upon and support as to why Wells Fargo's Motion should be denied as res judicata.

4. On April 25, 2016, the Jose F. Hernandez, hereinafter referred to as "Debtor," in the above-styled case, filed a Petition for Bankruptcy Relief under Chapter 13.

5. On June 29, 2016, the Debtor filed the initial schedules, initial MMM plan and requisite documents to proceed with Bankruptcy Relief under Chapter 13.

6. On or about September 15, 2016, the Debtor filed an Ex-Parte Verified Motion for Referral to Mortgage Modification Mediation with mortgage Lender, Wells Fargo Bank, N.A., "hereinafter referred to as "MMM Motion".

7. On or about September 16, 2016, the Order granting Debtor's MMM Motion was entered, hereinafter referred to as "MMM Order".

8. On or about **October 11, 2016**, Well Fargo filed a proof of claim for a secured mortgage debt, known as Claim 1-1; Said proof of claim, specifically page 4, specified the following pertinent information:

    a. Total Secured Debt Amount for *Mortgage*: $158,010.39

    b. Total Secured Debt Amount for *Arrears*: $99,286.32

    c.  Total **_MONTHLY_** payment **$413.34**

9. On or about November 16, 2016, the Debtor filed a Second Amended Chapter 13 plan, in accordance with Claim 1-1, MMM Motion and Order. The Seconded Amended plan paid to Wells Fargo an adequate protection payment of $413.34.

10. Wells Fargo did not object to the Second Amended Plan nor object at the Confirmation hearing.

11. On or about January 4, 2017, an Order granting Debtor's Second Amended Chapter 13 plan was entered.

12. On or about June 28, 2017, the MMM was completed and a Final Report of Loss Mitigation, declaring no agreement reached, was filed.

13. On or about June 30, 2017, the Debtor filed a FIRST modified Chapter 13 plan. Said modified plan paid to Wells Fargo an adequate protection monthly payment of $413.34, in accordance with Claim 1-1.

14. Wells Fargo did not object to the first modified Chapter 13 plan.

15. On or about July 19, 2017, the Debtor filed a SECOND modified Chapter 13 plan. Said modified plan paid to Wells Fargo an adequate protection monthly payment of $413.34, in accordance with Claim 1-1.

16. Wells Fargo did not object to the second modified Chapter 13 plan.

17. On or about July 26, 2017, the Debtor filed THIRD modified Chapter 13 plan. Said modified plan paid to Wells Fargo an adequate protection monthly payment of $413.34, in accordance with Claim 1-1.

18. Wells Fargo did not object to the third modified Chapter 13 plan.

19. On or about August 7, 2017, the Debtor filed a FOURTH modified Chapter 13 plan. Said modified plan paid to Wells Fargo an adequate protection monthly payment of $413.34, in accordance with Claim 1-1.

20. Wells Fargo did not object to the fourth modified Chapter 13 plan.

21. On or about August 9, 2017, the Debtor filed a FIFTH modified Chapter 13 plan. Said modified plan paid to Wells Fargo an adequate protection monthly payment of $413.34, in accordance with Claim 1-1.

22. Wells Fargo did not object to the fifth modified Chapter 13 plan.

23. On or about April 23, 2018, the Debtor filed a SIXTH modified Chapter 13 plan. Said modified plan paid to Wells Fargo an adequate protection monthly payment of $413.34, in accordance with Claim 1-1.

24. Wells Fargo did not object to the sixth modified Chapter 13 plan.

25. On or about May 21, 2018, the Debtor filed a SEVENTH modified Chapter 13 plan. Said modified plan paid to Wells Fargo an adequate protection monthly payment of $413.34, in accordance with Claim 1-1.

26. Wells Fargo did not object to the seventh modified Chapter 13 plan.

27. On or about May 21, 2018, the Debtor filed a EIGHTH modified Chapter 13 plan. Said modified plan paid to Wells Fargo an adequate protection monthly payment of $413.34, in accordance with Claim 1-1.

28. Wells Fargo did not object to the eighth modified Chapter 13 plan.

29. On or about June 1, 2018, the Debtor filed a NINTH modified Chapter 13 plan. Said modified plan paid to Wells Fargo an adequate protection monthly payment of $413.34, in accordance with Claim 1-1.

30. Wells Fargo did not object to the ninth modified Chapter 13 plan nor appear at the confirmation hearing.

31. On or about June 28, 2018, this Court entered an Order granting Debtor's Ninth Modified Chapter 13 plan. Said modified plan paid to Wells Fargo an adequate protection monthly payment of $413.34, in accordance with Claim 1-1.

32. The Motion as written by Wells Fargo attempts to mislead the Court to believe that the Debtor's confirmed plan did not "sufficiently provide[d]." However, the confirmed plan is and was sufficient, as the monthly payment was exactly what was stated in Wells Fargo's own Proof of Claim, 1-1.

33. On July 6, 2018, Wells Fargo filed an Amended Proof of Claim 1-2; Said first Amended proof of claim, specifically page 4, specified the following pertinent information:

   a. Total Secured Debt Amount for *Mortgage*: $158,010.39

   b. Total Secured Debt Amount for *Arrears*: $99,286.32

    c. Total **_MONTHLY_** payment **$413.34**

34. On August 29, 2018, Wells Fargo filed an Amended Proof of Claim of 1-2; Said first Amended proof of claim, specifically page 4, specified the following pertinent information:

    a. Total Secured Debt Amount for *Mortgage*: $158,010.39

    b. Total Secured Debt Amount for *Arrears*: $99,286.32

    c. Total **_MONTHLY_** payment **$895.57**

35. Nearly two years (1 year, 10 months, and 19 days), 3 proof of claims, Eleven Chapter 13 plans (1 MMM Plan, 1 Amended Plan and 9 modified plans), and 32 months of collecting payments in accordance with claim 1-1, Wells Fargo now seeks to change the monthly payment amount of $413.34, to more than double, beginning month 1, which would put the Debtor behind by $15, 431.36.

36. USC 502(a), 1322, 1325 and 1327 of the bankruptcy code, has a res judicata affect on Wells Fargo vague and unsupported motion.

    a. Under USC 502(a) Wells Fargo filed a proof of claim 1-1, requesting a monthly payment of $413.34.

    b. Under USC 1322 and USC 1325, the Debtor filed a Ninth confirmable plan that met all the requirements, including paying claim 1-1 filed by Wells Fargo under USC 502(a).

c. Wells Fargo was 1) provided for in full pursuant to its allowed claim 1-1, 2) conceded to and indicated its acceptance of the plan by not objecting to the plan, by not amending the Proof of claim prior to confirmation and by not objecting to confirmation. *IN RE: Carmen BATEMAN, Debtor. Universal American Mortgage Company, Plaintiff-Appellant, v. Carmen Bateman, Defendant-Appellee,* No. 02-11221.

d. Therefore, under USC 1327, "the provisions of a confirmed plan bind the debtor and each creditor, whether the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." Wells Fargo had the opportunity to litigate these issues now present and they may not now, after confirmation assert that the confirmed plan is otherwise inconsistent with the code. "Preclusion under § 1327 is somewhat harsher than common law issue preclusion, because Confirmation of a Chapter 13 plan by a bankruptcy court of competent jurisdiction, in accordance with the procedural requirements of notice and hearing of confirmation, "is given the same effect as any district court's final judgment on the merits."  In re Justice Oaks II, Ltd., 898 F.2d at 1550 (citing Stoll v. Gottlieb, 305 U.S. 165, 170-71, 59 S.Ct. 134, 137, 83 L.Ed. 104 (1938)).

e. The plan was appropriately confirmed by the Court because, not only did it appropriately provide for the creditor's proof of claim, the plan also met any and all of the prerequisites under § 1325, the secured creditor

     accepted the plan, the plan made provision that it retained its lien, and the plan did not propose the surrender of the property.

37. Following the verbiage and reasoning of in *RE Bateman*, Wells Fargo had the opportunity to object to the Plan's treatment of its claim at the confirmation hearing or appeal the confirmed plan. They did not do the because Wells Fargo filed a proof of claim to be provided for by the Plan and the plan provided in totality was stated in their proof of claim. Wells Fargo chose not to involve itself in the Chapter 13 proceedings and bypassed these opportunities to correct any discrepancy before the Plan was confirmed.  Furthermore, Wells Fargo continued to accept the payments even though it should have been apparent that they were less than adequate to satisfy an ongoing monthly payment.  Unlike in Bateman, Well Fargo arguably had no reason to remain disengaged from the proceedings because it its filed proof of claim was not sufficient to protect its interests.  Because Well Fargo did not vindicate its rights at the appropriate stages of the Chapter 13 process, Wells Fargo cannot now argue for a complete restructuring of the amount of payment beginning month 1, without assuming ALL the responsibility for letting their own discrepancy go this far unchallenged. It would be unjust and contrary to the bankruptcy provisions, to unravel two years of diligent execution of the Plan to correct a discrepancy that every party in interest Wells Fargo, should have noticed and rectified before the Plan was confirmed.

38. Wells Fargo had eleven opportunities to object to plans with a monthly payment amount of $413.34, but Wells Fargo failed to do so because Wells Fargo was aware the Debtor was following Wells Fargo's own proof of claim.

39. Wells Fargo had the opportunity to object to confirmation and attend the confirmation hearings, but Wells Fargo failed to do so, because Wells Fargo was aware the Debtor was following Wells Fargo's own proof of claim.

40. From the time Wells Fargo filed proof of claim 1-1, to the time the Order confirming the Ninth Modified plan was entered, Wells Fargo had 1 year, 8 months and 17 days, to amend the monthly payment amount of $413.34, but did not, because Wells Fargo was aware the Debtor was following Well's Fargo's own proof of claim.

41. In accordance with the aforementioned, this action is res judicata and the Debtor should not be forced to nearly two years later begin payment under the Amended Proof of claim 1-2, from month one.

42. On September 12, 2018, Wells Fargo filed a Notice of Mortgage Payment Change. Said Notice reflects that as of October 8, 2018, the new monthly payment is $1,133.10.

43. Wells Fargo should only be entitled to a modified plan changing the monthly payment amount to $1,133.10, beginning October 8, 2018. Any other changes to the monthly payment amount based on the late filed amendments, should be barred by res judicata.

**WHEREFORE**, the Debtor, **JOSE F. HERNANDEZ**, respectfully requests that this Honorable Court enter an Order Denying Secured Creditor Wells Fargo Bank, N.A.'s, Motion for Clarification and Compel a Modified Plan [DE #93] and any other relief this court deems proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded by CM/ECF to Robin R Weiner, Trustee PO BOX 279806 Miramar, FL 33027 and via U.S. Mail to the Debtor and all parties on the service list on this 12th day of November 2018.

Respectfully Submitted:

By:   /S/ Christina A. Fiallo
Christina Alexandra Fiallo, Esq.
Florida Bar No. 92376

**Fiallo Law**
*Attorney for Debtor*
7975 NW 154 Street, Ste. 470
Miami Lakes, FL 33016
Office: (305) 222-7715
Fax:    (305) 907-5390
Service: service@fiallolaw.com
Contact: christina@fiallolaw.co