UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:
JOSE F HERNANDEZ                              Case No: 16-15914-SMG
                                              Chapter 13
_____Debtor(s)_____/

**DEBTOR'S MOTION TO MODIFY CHAPTER 13 PLAN FOR A PERIOD OF SEVEN (7) YEARS UNDER §113 OF THE CARES ACT AND U.S.C §1329(D)(1)**

COMES NOW the Debtor(s), JOSE F HERNANDEZ, by and through the undersigned counsel and files this Motion to Modify Chapter 13 Plan For a Period of Seven (7) Years Under Senate HR 748, 116, 2d., Section 1113 (the **"CARES Act"**)[i] and United States Bankruptcy Code §1329(D)(1) and in support would show as follows:

1. On or about April 26, 2016, the Debtor in the above-styled case filed a Petition for Bankruptcy Relief under Chapter 13 [DE# 1].

2. On or about January 4, 2017, an Order Confirming Debtor's **Second Amended Plan** [DE# 51] was entered.

3. On or after March 27, 2020, the Debtor(s) experienced one or more "material financial hardship(s)" due "directly or indirectly," to the COVID-19 pandemic, including one or more of the hardships as indicated below by selection:

☐ Furlough of Employment of Debtor(s) or Spouse

☐ Loss of Employment of Debtor(s) or Spouse

☒ Diminishing of Income Due to Reduced Work Hours, Family Contribution, Tips, Bonuses, Incentives, etc. of Debtor or Spouse

☐ Reduction of Income Due to Illness and Quarantine for the Caring of Family Members, Debtor(s) or Spouse Due to COVID-19.

☐ Other:_____.

4.  The CARES Act permits Chapter 13 Debtors with plans that were confirmed as of or after the date of enactment of the CARES Act to seek modifications of their plan due to COVID-19-related hardships.

5.  Specifically, the CARES Act adds subsection (d)(1) to 11 U.S.C. § 1329, to permit a debtor to modify a confirmed plan, after notice and a hearing, if such debtor is experiencing a "material financial hardship" due, "directly or indirectly," to the COVID-19 pandemic.

6.  Under the CARES Act, a plan may be modified to extend the plan period up to *seven years* after the first payment under the original confirmed plan became due. A bankruptcy court may approve such a modification upon request of a Debtor.

7.  To the extent that interest is being paid to a Creditor in a previously confirmed plan, that interest shall continue and be on going on all subsequent modified plans for the duration of the seven years.

**8.**  The debtor hereby files the Attached Modified Plan.

**WHEREFORE**, the Debtor(s), **Jose F Hernandez**, respectfully requests that this Honorable Court enter an Order Granting the Motion to Modify Chapter 13 Plan for a Period of Seven (7) years Under Senate HR 748, 116, 2d., Section 1113 (the **"CARES**

Act")[ii] and United States Bankruptcy Code §1329(D)(1)and any other relief this court deems proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded by CM/ECF to Robin R. Weiner, Trustee and all other Creditors who have provided notice by CM/ECF and via U.S. Mail to the Debtor and all parties on the corresponding Certificate of Service on this 7th day of July, 2020.

Respectfully Submitted:

By: /S/ Christina A. Fiallo
Christina Alexandra Fiallo, Esq.
Florida Bar No. 92376

**Fiallo Law**
*Attorney for Debtor*
7975 NW 154 Street, Ste. 470
Miami Lakes, FL 33016
Office: (305) 222-7715
Fax: (305) 907-5390
Service: service@fiallolaw.com
Contact: christina@fiallolaw.com

---

[i] (b) *BANKRUPTCY RELIEF*.—

(1) IN GENERAL.—

(A) EXCLUSION FROM CURRENT MONTHLY INCOME.—*Section 101(10A)(B)(ii) of title 11, United States Code, is amended—*

(i) *in subclause (III), by striking "; and" and inserting a semicolon;*
(ii) *in subclause (IV), by striking the period at the end and inserting "; and";*
(iii) *by adding at the end the following:*

"(V) *Payments made under Federal law relating to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the coronavirus disease 2019 (COVID–19).".*

(B) CONFIRMATION OF PLAN.—*Section 1325(b)(2) of title 11, United States Code, is amended by inserting "payments made under Federal law relating to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the coronavirus disease 2019 (COVID–19)," after "other than".*

(C) MODIFICATION OF PLAN AFTER CONFIRMATION.—*Section 1329 of title 11, United States Code, is amended by adding at end the following:*

"(d) (1) *Subject to paragraph (3), for a plan confirmed prior to the date of enactment of this subsection, the plan may be modified upon the request of the debtor if—*

"(A) *the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID–19) pandemic; and*
"(B) *the modification is approved after notice and a hearing.*

"(2) *A plan modified under paragraph (1) may not provide for payments over a period that expires more than 7 years after the time that the first payment under the original confirmed plan was due.*

"(3) *Sections 1322(a), 1322(b), 1323(c), and the requirements of section 1325(a) shall apply to any modification under paragraph (1).".*

(D) APPLICABILITY.—

(i) *The amendments made by subparagraphs (A) and (B) shall apply to any case commenced before, on, or after the date of enactment of this Act.*
(ii) *The amendment made by subparagraph (C) shall apply to any case for which a plan has been confirmed under section 1325 of title 11, United States Code, before the date of enactment of this Act.*

(2) SUNSET.—

(A) IN GENERAL.—

(i) EXCLUSION FROM CURRENT MONTHLY INCOME.—*Section 101(10A)(B)(ii) of title 11, United States Code, is amended—*

(I) *in subclause (III), by striking the semicolon at the end and inserting "; and";*
(II) *in subclause (IV), by striking "; and" inserting a period; and*
(III) *by striking subclause (V).*

(ii) CONFIRMATION OF PLAN.—*Section 1325(b)(2) of title 11, United States Code, is amended by striking "payments made under Federal law relating to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the coronavirus disease 2019 (COVID–19),".*

(iii) MODIFICATION OF PLAN AFTER CONFIRMATION.—*Section 1329 of title 11, United States Code, is amended by striking subsection (d).*

(B) EFFECTIVE DATE.—*The amendments made by subparagraph (A) shall take effect on the date that is 1 year after the date of enactment of this Act.*

ii (b) *BANKRUPTCY RELIEF*.—

(1) IN GENERAL.—

(A) EXCLUSION FROM CURRENT MONTHLY INCOME.—*Section 101(10A)(B)(ii) of title 11, United States Code, is amended—*

(i) *in subclause (III), by striking "; and" and inserting a semicolon;*
(ii) *in subclause (IV), by striking the period at the end and inserting "; and";*
(iii) *by adding at the end the following:*

"(V) *Payments made under Federal law relating to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the coronavirus disease 2019 (COVID–19).".*

(B) CONFIRMATION OF PLAN.—*Section 1325(b)(2) of title 11, United States Code, is amended by inserting "payments made under Federal law relating to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the coronavirus disease 2019 (COVID–19)," after "other than".*

(C) MODIFICATION OF PLAN AFTER CONFIRMATION.—*Section 1329 of title 11, United States Code, is amended by adding at end the following:*

"(d) (1) *Subject to paragraph (3), for a plan confirmed prior to the date of enactment of this subsection, the plan may be modified upon the request of the debtor if—*

"(A) *the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID–19) pandemic; and*
"(B) *the modification is approved after notice and a hearing.*

"(2) *A plan modified under paragraph (1) may not provide for payments over a period that expires more than 7 years after the time that the first payment under the original confirmed plan was due.*

"(3) *Sections 1322(a), 1322(b), 1323(c), and the requirements of section 1325(a) shall apply to any modification under paragraph (1).*".

(D) APPLICABILITY.—

(i) *The amendments made by subparagraphs (A) and (B) shall apply to any case commenced before, on, or after the date of enactment of this Act.*
(ii) *The amendment made by subparagraph (C) shall apply to any case for which a plan has been confirmed under section 1325 of title 11, United States Code, before the date of enactment of this Act.*

(2) SUNSET.—

(A) IN GENERAL.—

(i) EXCLUSION FROM CURRENT MONTHLY INCOME.—*Section 101(10A)(B)(ii) of title 11, United States Code, is amended—*

(I) *in subclause (III), by striking the semicolon at the end and inserting "; and";*
(II) *in subclause (IV), by striking "; and" inserting a period; and*
(III) *by striking subclause (V).*

(ii) CONFIRMATION OF PLAN.—*Section 1325(b)(2) of title 11, United States Code, is amended by striking "payments made under Federal law relating to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the coronavirus disease 2019 (COVID–19),".*

(iii) MODIFICATION OF PLAN AFTER CONFIRMATION.—*Section 1329 of title 11, United States Code, is amended by striking subsection (d).*

(B) EFFECTIVE DATE.—*The amendments made by subparagraph (A) shall take effect on the date that is 1 year after the date of enactment of this Act.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded by CM/ECF to Nancy K. Neidich, Trustee and all other Creditors who have

provided notice by CM/ECF and via U.S. Mail to the Debtor and all parties on the corresponding Certificate of Service on this 7th day of July, 2020.

                                Respectfully Submitted:

                         By:   /S/ Christina A. Fiallo
                               Christina Alexandra Fiallo, Esq.
                               Florida Bar No. 92376

                               **Fiallo Law**
                               *Attorney for Debtor*
                               7975 NW 154 Street, Ste. 470
                               Miami Lakes, FL 33016
                               Office: (305) 222-7715
                               Fax: (305) 907-5390
                               Service: service@fiallolaw.com
                               Contact: christina@fiallolaw.com

Copies to:

**The following parties were served via the Notice of Electronic Filing**

- **Trustee: Robin R Weiner**           ecf@ch13weiner.com
- Office of the US Trustee              USTPRegion21.MM.ECF@usdoj.gov

**<u>VIA REGULAR MAIL</u>**

Jose F Hernandez
364 NW 40 Court
Fort Lauderdale, FL 33309

**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ Original Plan
☐ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)
■ 14MP  Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Jose F Hernandez    JOINT DEBTOR:    CASE NO.: 16-15914-RBR
SS#: xxx-xx- 1255    SS#: xxx-xx-

## I. NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:** The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ■ Included | ☐ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ■ Not included |
| Nonstandard provisions, set out in Section VIII | ☐ Included | ■ Not included |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $2,295.02 for months 1 to 51 ;
2. $1,673.34 for months 52 to 84 ;

**B. DEBTOR(S)' ATTORNEY'S FEE:** ☐ NONE  ☐ PRO BONO

| Total Fees: | $10400.00 | Total Paid: | $4310.00 | Balance Due: | $6090.00 |
|---|---|---|---|---|---|
| Payable | $83.62 | /month (Months 1 to 51 ) | | | |
| Payable | $55.30 | /month (Months 52 to 84 ) | | | |

Allowed fees under LR 2016-l(B)(2) are itemized below:
(Base Fee) $3,500 + (MMM Participation) $2,500+ (M2V) $750 + (M2Mod x 3) $1500.00 + (General Costs) $150 + (MMM Costs) $100 +(M2V Costs) $25 + (M2Mod Costs x 3) $75.00 + (FeeApp 24Month Plan Expansion) $1,800.00 = $10,400.00
Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS

**A. SECURED CLAIMS:** ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1. Creditor: Wells Fargo Bank, NA
   Address: c/o 1 Home Campus
   Des Moines, IA 50328

   Arrearage/ Payoff on Petition Date  $99,286.32
   Regular Payment (Maintain)  $593.03  /month (Months 1 to 51 )
   Regular Payment (Maintain)  $705.26  /month (Months 52 to 84 )
   Arrears Payment (Cure)  $1,456.46  /month (Months 1 to 51 )

   Last 4 Digits of Account No.: 4624

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | Arrears Payment (Cure) | $665.57 | /month (Months | 52 | to ___ ) |
|  | Arrears Payment (Cure) | $760.66 | /month (Months | 53 | to 84 ) |

Other: Regular Payment:Per Order DE#108 -37 mths $403.79; 8 mths $1,173.45; 39 mths $748.46 per NMPC=$53,517.77

■ **Real Property**
☐ Principal Residence
☐ Other Real Property

Check one below for Real Property:
■ Escrow is included in the regular payments
☐ The debtor(s) will pay  ☐ taxes  ☐ insurance directly

Address of Collateral:
364 NW 40 Court, Fort Lauderdale, FL 33334

☐ Personal Property/Vehicle
Description of Collateral:

**B. VALUATION OF COLLATERAL:** ☐ NONE

IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED UPON YOU PURSUANT TO BR 7004 AND LR 3015-3.

**1. REAL PROPERTY:** ☐ NONE

1. Creditor: Wells Fargo Bank, NA
   Address: Default Document Processing N9286-01Y
   Last 4 Digits of Account No.: 0001

   Value of Collateral: $96,420.00
   Amount of Creditor's Lien: $153,376.77
   Interest Rate: 0.00%

   **Payment**
   Total paid in plan: $0.00
   $0.00 /month (Months ___ to ___ )

   Real Property
   ■ Principal Residence
   ☐ Other Real Property
   Address of Collateral:
   364 NW 40 Court, Fort Lauderdale, FL 33334

   Check one below:
   ■ Escrow is included in the monthly mortgage payment listed in this section
   ☐ The debtor(s) will pay
   ■ taxes  ☐ insurance directly

**2. VEHICLES(S):** ■ NONE

**3. PERSONAL PROPERTY:** ■ NONE

**C. LIEN AVOIDANCE** ■ NONE

**D. SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.
■ NONE

**E. DIRECT PAYMENTS:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.
☐ NONE
■ The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | The Manoli Family Limited Partnership d/b/a Cypress Creek Mobile Home Country | 0163 | Mobile Home/ Lot Rental |

**IV.  TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]

**A. ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ■ NONE

**B. INTERNAL REVENUE SERVICE:** ■ NONE

**C. DOMESTIC SUPPORT OBLIGATION(S):** ■ NONE

**D. OTHER:** ■ NONE

**V. TREATMENT OF UNSECURED NONPRIORITY CREDITORS**

A. Pay $60.40 /month (Months 1 to 51 )

Pay $95.09 /month (Months 52 to ___ )

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

C. SEPARATELY CLASSIFIED: ■ NONE

*Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

**VI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

■ NONE

**VII. INCOME TAX RETURNS AND REFUNDS:** ■ NONE

**VIII. NON-STANDARD PLAN PROVISIONS** ■ NONE

### PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| Jose F Hernandez | Debtor | July 7, 2020 | | Joint Debtor | |
|---|---|---|---|---|---|
| Jose F Hernandez | | Date | | | Date |

Christina A. Fiallo, Esq.    July 7, 2020
Attorney with permission to sign on        Date
Debtor(s)' behalf

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.**